

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-11-2009

# In Re: Arthur Morrison

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1786

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Arthur Morrison " (2009). *2009 Decisions.* Paper 1378.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1378

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-148                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1786
_____

IN RE:  ARTHUR MORRISON,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D. N.J. Civ. No. 08-cv-05408)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 2, 2009
Before:  RENDELL, HARDIMAN AND ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 11, 2009)
_____

OPINION
_____

PER CURIAM

    Petitioner Arthur Morrison, a prisoner proceeding <u>pro</u> <u>se</u>, seeks a writ of

mandamus compelling the District Court to rule on his pending motion for

reconsideration.  For the reasons that follow, we will deny the petition.

    Morrison filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in

November 2008.  In December 2008, the District Court dismissed the petition for lack of

jurisdiction.  On December 29, 2008, Morrison filed a motion for reconsideration.  He

then filed a supplemental motion to reopen and a second supplemental motion to reopen in January and February 2009, respectively. Morrison also sent a letter to the District Court inquiring about the status of his motion and requesting an expedited decision because of his poor health. On March 23, 2009, Morrison filed the instant petition for mandamus. The motion for reconsideration remains pending at this time.

The writ of mandamus is an extraordinary remedy. To justify issuance of the writ, a petitioner must demonstrate that he has a clear and indisputable right to relief. See Kerr v. United States Dist. Ct. for N. Dist. of Cal., 426 U.S. 394, 403 (1976). Although a court of appeals may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction, see Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), the manner in which the District Court controls its docket is discretionary. See In re: Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Morrison's initial reconsideration motion was filed at the end of December 2008, and he has complicated the resolution of that motion by filing a supplemental memorandum each month thereafter. We cannot conclude that the overall three-month delay in this matter rises to the level of a denial of due process, see Madden, 102 F.3d at 79, and we are confident that the District Court will issue a decision promptly. Accordingly, the petition is denied. Petitioner's Motion to Expedite Consideration of Petition for Writ of Mandamus is denied as moot.